UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the November 23, 2013, Ruiz/Hamer Broadcast, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MELISSA ESTRELLA, a/k/a MELISSA BARNETT, a/k/a MELISSA WHITE, Individually, and d/b/a ESTRELLA'S SPORTS BAR, | ) ) ) ) ) |
| Defendant. | ) ) |

Cause No.: 2:14-CV-171

## OPINION AND ORDER

This matter is before the court on the motion for summary judgment filed by the Plaintiff, J & J Sports Productions, Inc. (DE 31). The Defendant, Melissa Estrella, d/b/a Estrella's Sports Bar, who is represented by counsel, did not file a response to the motion.[1] For the reasons

---

[1] Not only has the Defendant not responded to this motion for summary judgment, she has only minimally participated in this litigation. Estrella's failure to file a timely answer to J & J Sports' Complaint, after seeking and receiving an extension of time in which to do so, resulted in the Plaintiff obtaining a default judgment. Later, the Defendant moved to set aside the default and proceed with the litigation, and that motion was granted (and was unopposed by J & J Sports). Estrella's counsel eventually filed an Answer to the Complaint, and J & J Sports then served discovery requests on the Defendant, who never responded. Plaintiff's counsel contacted defense counsel several times, and was told that another attorney would be entering an appearance and assuming responsibility for defending this case. But that never occurred and the Defendant's original attorney is still the attorney of record. Defense counsel also failed to appear for a telephonic pretrial conference with the court. This is just an overview of the Defendant's demonstrated lack of interest (or funds, perhaps) in vigorously defending this case. The messy details of the Defendant's repeated lack of participation are set out in an affidavit submitted in support of J & J Sports' motion for summary judgment. Affidavit of Plaintiff's Attorney Julie Cohen Lonstein (DE 31-6), pp. 1-5. The point of this affidavit is not to cast dispersions on defense counsel, but rather, to establish the foundation for J & J Sports' argument that Estrella's had every opportunity to respond to the Plaintiff's discovery requests and failed to do so. Therefore, as J & J Sports correctly points out, those requests for admissions are deemed

discussed below, the motion is GRANTED. The Clerk is directed to enter judgment in favor of the Plaintiff, J & J Sports Productions, Inc., and against the Defendant, Melissa Estrella, a/k/a Melissa Barnett, a/k/a Melissa White, Individually, and d/b/a Estrella's Sports Bar. The Plaintiff is ORDERED to submit, within 45 days of this order, a brief in support of the damages, costs, and fees to which the Plaintiff claims it is entitled.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth

---

admitted for purposes of this motion. Plaintiff's Memorandum, p. 7. *See* Fed.R.Civ.P. 36(a)(3) (failure to respond deems requests admitted); *Moses v. U.S. Steel Corp.*, 946 F.Supp.2d 834, 840 (N.D. Ind. 2013) ("'Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions.'") (quoting *Hardwick v. John and Mary E. Kirby Hosp.,* 2011 WL 4433764, *2 (N.D.Ill. Sept. 22, 2011)). This is crucial in the present case, as discussed below, since by failing to respond to J & J Sports' requests, Estrella has admitted the allegations in the Complaint.

2

specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

When a party fails to respond to a motion for summary judgment the district court may properly exercise its discretion and rule on the merits of the unopposed motion. *Schweitzer v. Greenig*, 2007 WL 4365717, at *2 (C.D. Ill. Dec. 12, 2007) (citing *Easley v. Kirmsee,* 382 F.3d 693, 699 (7th Cir. 2004). If the nonmovant chooses not to respond or otherwise oppose the motion, the court may proceed as if the plaintiff has admitted defendant's version of the material facts. *Foreman v. Green Tree Servicing, LLC*, 2015 WL 5775498, at *1 (S.D. Ind. Sept. 30, 2015) (citing Fed.R.Civ.P. 56(e)). *See also, Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the court's local rules results in an admission."). Estrella's failure to respond does not alter the standard for assessing a motion for summary judgment under Rule 56, and the court still must draw reasonable inferences in favor of the nonmovant, but it does "'[r]educ[e] the pool'" from which inferences relative to the motion may be drawn. *Hardley v. Corr. Med. Servs.*, 2014 WL 7064331, at *2 (S.D. Ind. Dec. 11, 2014) (quoting *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997)).

**DISCUSSION**

J & J Sports, a California corporation, owned the rights to broadcast a professional boxing match on November 23, 2013, between Andy Ruiz, Jr., and Tor Hamer. J & J Sports contracted with entities across the country (such as sports bars) to permit those entities to broadcast the fight in their establishments. The establishment then received the broadcast via an encrypted satellite signal. It is common knowledge that individuals and entities often intercept

satellite signals in order to view a broadcast without receiving permission or paying for it.² J & J Sports alleges that the Defendant did just that by intercepting the signal and broadcasting the Ruiz/Hamer fight in Estrella's Sports Bar in Hammond, Indiana. The problem for Estrella's, as J & J Sports notes, is that this activity violates 47 U.S.C. §§ 553 and 605 of the Federal Communications Act, commonly referred to as the "piracy statutes." *See* Plaintiff's Memorandum in Support of Motion for Summary Judgment (DE 31-10), p. 10. As J & J Sports correctly points out, "[t]he piracy statutes prohibit the unauthorized interception of subscription television scrambled signals. *ON/TV of Chicago v. Julien*, 763 F.2d 839 (7th Cir. 1985). . . . [A] private right of action, such as the one in the instant matter, exists under the piracy statutes. *Ciminelli v. Cablevision*, 583 F.Supp. 158 (2d Cir. 1984)." *Id*., pp. 10-11. Section 605 states, in relevant part, as follows:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). In this case, J & J Sports argues that Estrella's was not, in fact, "entitled

---

² Apparently there are a number of ways people can pirate television broadcasts, as explained in an affidavit submitted by Joseph Gagliardi, the president of J & J Sports. Affidavit of Joseph Gagliardi (DE 31-1), p. 3. These methods run from "[t]he intentional misrepresentation of a commercial establishment as a residential property . . ." in order to purchase a broadcast at a lower residential rate, to using "illegal unincryption devices, and/or the purchase of illegal satellite authorization codes . . . ." *Id*. According to Gagliardi, the piracy of broadcasts erodes J & J Sports' customer base and bottom line (and presumably has the same impact on other businesses who provide similar services) and that "such acts of piracy have cost my company millions of dollars in the last few years . . . ." *Id*., p. 4.

thereto" when it came to the Ruiz/Hamer telecast, so those two words doom the Defendant and entitle the Plaintiff to summary judgment. "Plaintiff's Complaint against Defendant in this matter alleges that Defendant illegally exhibited the [broadcast]." Plaintiff's Memorandum, p. 12. And J & J Sports has the evidence to prove that allegation. J & J Sports states that "[b]y Defendant's own admissions, the [broadcast] was exhibited on the televisions inside her commercial establishment on November 23, 2013. Additionally, an auditor witnessed and videotaped the [broadcast] being shown in [Estrella's]." *Id*.

The videotape J & J Sports refers to was submitted in support of the Plaintiff's motion for summary judgment (DE 32) and the court viewed the video. It begins with shots of the exterior of Estrella's Sports Bar. That is followed by video of the Ruiz/Hamer fight being shown on large screen TVs and the videotape is "time stamped" on November 23, 2013. J & J Sports explains that it "hired Signal Auditing, Inc. to contract with independent auditors who were assigned to identify establishments that unlawfully exhibited the [Ruiz/Hamer fight]." An auditor hired through this arrangement went into Estrella's on the night of the fight, "paid a $5.00 cover charge . . . and observed two (2) television sets exhibiting a portion of the [broadcast] to patrons in an establishment with an estimated capacity of 50." Affidavit of Joseph Gagliardi (DE 31-1), ¶¶ 5 and 8. J & J Sports also submitted an affidavit from the auditor detailing his visit to Estrella's on the night of the fight. Affidavit of Patrick Bosco (DE 31-4). So J & J Sports had the proverbial smoking gun in hand before its Complaint against Estrella's was filed.

Not only does J & J Sports present the evidence of the eyewitness audit to support its allegations, it also notes that Estrella's failure to respond to the Plaintiff's requests for admissions constitutes an admission of those requests, and amounts to an admission of liability.

5

*See* note 1, above. By choosing not to respond to the Plaintiff's requests, the Defendant has admitted the following facts:

1. Melissa Estrella was not authorized by J & J Sports . . . to exhibit the November 23, 2013, Ruiz/Hamer Broadcast . . . within the establishment known as Estrella's Sports Bar;

2. Melissa Estrella did not have an agreement with J & J Sports to exhibit the broadcast;

3. Melissa Estrella and Estrella's Sports Bar knowingly and intentionally received the broadcast and exhibited it on November 23, 2013; and

4. Melissa Estrella and Estrella's Sports Bar benefitted financially from the exhibition of the broadcast.

There are several more admissions, which are enumerated in the Plaintiff's supporting materials (*see* Affidavit of Julie Cohen Lonstein (DE 31-6), pp. 5-7; Plaintiff's Memorandum, pp. 7-10), but those few listed above are the real trump cards since they serve as the Defendant's admission of J & J Sports' allegations and establish that there are no genuine issues of material fact in this case. J & J Sports argues that "[b]ased upon Defendant's admissions to knowingly and willfully receiving and showing the [broadcast] in a commercial establishment, for direct financial benefit to themselves and to the detriment of Plaintiff, there are no issues of material fact which require a trial of this matter . . . ." Lonstein Aff., p. 9. The court agrees.

## CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by the Plaintiff J & J Sports Productions, Inc. (DE 31) is GRANTED. The Clerk is directed to enter judgment in favor of the Plaintiff, J & J Sports Productions, Inc., and against the Defendant, Melissa Estrella, a/k/a Melissa Barnett, a/k/a Melissa White, Individually, and d/b/a Estrella's Sports Bar. The

Plaintiff is ORDERED to submit, within 45 days of this order, a brief in support of the damages, costs, and fees to which the Plaintiff claims it is entitled.

Date: October 23, 2015.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana